**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 20, 2005**

**FOR THE TENTH CIRCUIT**

TENG THAO,

        Petitioner-Appellant,

  v.

EMMALEE CONOVER, Warden,
Winfield Correctional Facility;
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

        Respondents-Appellees.

No. 04-3493
(D.C. No. 01-CV-3391-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, McKAY**, and **McCONNELL**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Teng Thao, a Kansas state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Thao contends that he received constitutionally ineffective assistance of trial counsel based upon his attorney's decision not to call certain witnesses in his defense. We exercise jurisdiction under 28 U.S.C. § 2253 and affirm the denial of habeas relief.

Background

Thao was convicted of aggravated battery in a Kansas state court. The district court's forty-eight page order contains an extremely detailed description of the events surrounding the assault, the evidence presented at trial, and the evidence relating to Thao's ineffective assistance of counsel claim. Thus, we only summarize the most relevant facts here.

At a large New Year's Eve party, a group of approximately twelve people knocked the facility's caretaker, Brian Williamson, to the ground and punched and kicked him in the body and face, causing severe injuries. Williamson identified Thao as one of the attackers to the police shortly after the assault. Thao gave his court-appointed defense counsel, Mr. Switz, a list of fifteen witnesses who he said would testify he was in the middle of the fight trying to help Williamson and had not attacked him. Switz did not call any of these witnesses at trial. Instead, Switz's defense challenged the reliability of

Williamson's identification of Thao. Switz noted that Thao's clothing did not match Williamson's description of any of his attackers, that no witness other than Williamson placed Thao near the scene of the attack, and that Williamson had wrongly identified three other persons as attackers.

After his conviction, Thao's direct appeal was dismissed for lack of jurisdiction. He filed an application for state post-conviction relief under Kan. Stat. Ann. § 60-1507, claiming ineffective assistance of counsel because Switz did not present testimony from the witnesses Thao claimed would exonerate him. The state court conducted an evidentiary hearing at which Thao's witnesses stated they would have testified at trial that Thao was not one of the attackers, but rather was trying to protect and help Williamson.

Switz testified at the post-conviction hearing that he met four or five of these potential witnesses at his office, met many others at Thao's preliminary hearing, and received an oral report from a co-defendant's investigator who had contacted most of the witnesses. He testified that funds were not available to hire his own investigator, but he had Thao's permission to rely on the co-defendant's investigator's report. Switz believed, based on the information from these meetings and the investigator's report, that the proposed testimony from these witnesses would have been harmful to Thao's defense for two reasons. First, their testimony placed Thao at the scene of the attack, undercutting the

misidentification defense. Second, there were problems with the witnesses' credibility and demeanor.

Switz noted these witnesses, many of whom were friends of Thao's, were able to testify only that Thao was not one of the attackers, but could not describe or identify any of the attackers, had not given statements to the police, and often gave confusing statements about where they were during the attack. Switz stated that the witnesses he spoke to at his office were flippant, showed little concern for the seriousness of the attack, and did not seem to be in a position to witness what occurred. Most of the witnesses stated they had not seen anything, and some even told Switz the victim must have hurt himself. Switz did call one of the witnesses at Thao's preliminary hearing, but that witness came across as confused and testified he was inside a building during the attack, even though it occurred outside.

Switz testified that he met with Thao on at least four occasions at his office, for an hour to ninety minutes each time, and also discussed the case with him during court hearings. He testified that he discussed the proposed misidentification defense at length with Thao on numerous occasions, and that Thao agreed to this trial strategy. Thao also agreed with the strategic decision not to testify at trial.

The state district court denied Thao's post-conviction petition. It found that Switz made a reasonable effort to contact the proposed witnesses and learn about their potential testimony through the investigator's report and by meeting some at his office and others at the preliminary hearing. It further found that Thao gave Switz permission to rely on the investigator's report. The state court ruled that Switz's trial preparation was not constitutionally deficient.

The Kansas Court of Appeals affirmed the denial of post-conviction relief, and the Kansas Supreme Court denied review. Thao then filed his § 2254 petition based on his ineffective assistance of counsel claim. The district court denied the habeas petition, but granted him a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1).

## Applicable Legal Standards

Our review in this case is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See Turrentine v. Mullin*, 390 F.3d 1181, 1188-89 (10th Cir. 2004), *cert. denied*, 125 S.Ct. 2544 (2005). Under AEDPA, where, as here, the state court has adjudicated the petitioner's claims on the merits, this court may only grant a writ of habeas corpus if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2). "In conducting this inquiry, we presume the factual findings of the state trial and appellate courts are correct, and we place on the petitioner the burden of rebutting this presumption by clear and convincing evidence."  *Turrentine*, 390 F.3d at 1188; 28 U.S.C. § 2254(e)(1).

To succeed on an ineffective assistance claim, Thao must establish both that Switz's representation was deficient and that this deficient performance prejudiced his defense.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In evaluating performance, the question is whether "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 688.  In evaluating counsel's performance, our review must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id*. at 689 (quotation omitted).  Moreover, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  *Id*. at 690.

The district court denied habeas relief in this case because Thao failed to demonstrate that the Kansas court's decision was contrary to, or involved an objectively unreasonable application of *Strickland*, or that its decision was based

on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. *See Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (applying *Strickland* under AEDPA's deferential review). We agree with the district court's conclusion.

Analysis

On appeal, Thao contends that the Kansas court's factual finding that Switz conducted a reasonable investigation was based on an unreasonable determination of the facts. Arguing that there was not a reasonable investigation, he further contends that the Kansas Court of Appeals unreasonably applied *Strickland* when it concluded Switz's decision not to call the requested witnesses was a strategic or tactical one.

*Strickland* provides the relevant legal framework:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

466 U.S. at 690-91.

We are satisfied from our review of the record that the state court's finding that Switz conducted a reasonable and adequate investigation was not an unreasonable determination of the facts. The state court found that Switz did make an effort to contact the proposed witnesses and discover their proposed testimony, by meeting some in his office, many others at the preliminary hearing, and through the investigator's report. This finding is supported by the evidence presented at the post-conviction hearing and we agree that Switz did a sufficient investigation to learn about the witnesses' potential testimony, as well as their demeanor, credibility and utility.

Thao contends there was no factual basis in the record for the state court to conclude Switz conducted a reasonable investigation because there are no notes from his meetings with the witnesses, no written report from the investigator, and three of the witnesses testified neither Switz nor the investigator contacted them. The state court conducted an evidentiary hearing, however, at which Thao, his witnesses, and Switz testified, and the court found Switz's testimony credible. Thao has failed to rebut the presumption that this finding is correct. *See* 28 U.S.C. § 2254(e)(1).

Thao further contends that, even if Switz attempted to contact the witnesses, it was unreasonable for the Kansas courts to find his limited investigation of these witnesses constitutionally sufficient. This sort of tactical

decision to limit the scope of pre-trial investigation merits "a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691; *Wiggins,* 539 U.S. at 525 (noting that it may be reasonable for counsel to curtail his investigation if available information indicates that further inquiries would be fruitless). Here, the record supports the conclusion that Switz's investigation was reasonable because the available information indicated that the proposed testimony would undercut the misidentification defense and that the witnesses' demeanor and credibility might further hurt Thao's defense. *See Brecheen v. Reynolds*, 41 F.3d 1343, 1367 (10th Cir. 1994) (finding counsel's decision to limit investigation reasonable in light of concerns about witness credibility). Accordingly, it was not unreasonable for the state court to conclude that Switz performed competently in choosing not to conduct further investigation into the proposed witnesses.

Thao contends it was constitutionally unreasonable for Switz to make the strategic decision to ignore the witnesses' testimony that Thao was only trying to help the victim, and instead argue that Williamson was mistaken in his identification of Thao. We disagree. Switz concluded, based upon a reasonable investigation, that there were sufficient problems with the witnesses' credibility and demeanor that their testimony would not be beneficial to Thao's defense. We find ample support for the state court's finding that these witnesses' testimony

was equivocal and that they were only able to testify that Thao was not involved in the attack. Switz's decision to focus on the weaknesses of Williamson's identification was, under the circumstances, a reasonable tactical decision. "We cannot say that this strategic decision fell outside 'the wide range of reasonable professional assistance,'" or that counsel was constitutionally ineffective in choosing not to call Thao's proposed witnesses. *See Parker v. Scott*, 394 F.3d 1302, 1323 (10th Cir. 2005) (reviewing strategic decisions not to call certain witnesses, quoting *Strickland*, 466 U.S. at 689); *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) ("For counsel's actions to rise to the level of constitutional ineffectiveness, his strategic decisions must have been completely unreasonable, not merely wrong, so that they bear no relationship to a possible defense strategy." (quotation omitted)).

In summary, we conclude that Switz's performance did not fall "below an objective standard of reasonableness," measured "under prevailing professional norms." *Strickland*, 466 U.S. at 688. Having determined that Thao's claim fails the first prong of the *Strickland* standard, we need not address whether he was prejudiced by counsel's performance. *See Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001).

The judgment of the district court is AFFIRMED for substantially the reasons stated in the district court's Memorandum and Order dated November 3, 2004.

Entered for the Court


Michael W. McConnell
Circuit Judge